█ In the Matter of the Claim of CHRISTINE CARTER, Respondent, v. C & L RESTAURANT & GRILL, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of death benefits by the Workmen's Compensation Board. On August 3, 1956 decedent, a chicken butcher, dropped a crate of chickens on his right foot. Gangrene set in necessitating amputation of the right leg above the knee on October 26, 1956. Appellants accepted liability for this injury and the resulting amputation. Subsequently decedent developed gangrene of the lower left extremity necessitating an operation to amputate the left leg below the knee. On February 26, 1959 decedent succumbed from cardiac arrest during the performance of this operation. Appellants assert that there is no substantial evidence to uphold the board's finding of causal relationship between the original injury to decedent's right toe and the fatal cardiac arrest. It is undisputed that decedent, even prior to the original injury, suffered from advanced arteriosclerotic peripheral vascular disease in both extremities. Claimant introduced the testimony of Dr. Gold, the surgeon who performed both amputations, as to the existence of causal relationship. Dr. Gold found causal

relationship based on an added strain on the left lower extremity due to the amputation of the right lower extremity which in turn resulted in an increased demand on the blood supply of the left lower extremity which it could not withstand eventually producing gangrene and necessitating the operation during which decedent died. Appellants contend that Dr. Gold's testimony is speculative and not entitled to weight, citing *Matter of Miller* v. *National Cabinet Co.* (8 N Y 2d 277), primarily on the grounds that there is no proof of added strain on the left leg as a result of the loss of the right leg. We do not find, however, that Dr. Gold's testimony is of the same speculative nature as that condemned in *Miller* (*supra*). Furthermore, while it is true that the record indicates that decedent spent considerable time in bed and was fitted with a prosthesis to spare the remaining leg, there is also testimony that decedent prior to and even after acquiring the prosthesis used crutches most of the time and that the use of crutches creates an added strain on the remaining limb. Appellants introduced testimony denying causal relationship, which created a question of fact. While admittedly the chain of causation is involved, in the final analysis the only issues in dispute are factual and thus since we find the board's decision to be based on substantial evidence its determination must be affirmed (see *Matter of Penn* v. *Black Riv. Val. Club*, 7 A D 2d 669). Decision and award affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.